IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RONALD MAYBUSH, individually and as
next friend of K.M., a minor child,**

    **and,**

**K.M., a minor child,**

    **Plaintiffs,**

    **v.**                                                                                                                                                              Civil Action No. 3:22cv597

**PEGGY PUTZE,**

    **and,**

**PUTZE'S MOBILE HOME PARK,**

    **Defendants.**

## ORDER APPROVING SETTLEMENT

This matter comes before the Court on the Joint Motion for Approval of Settlement filed by Plaintiffs Ronald Maybush and K.M. and Defendants Peggy Putze and Putze's Mobile Home Park (the "Motion"). (ECF No. 79.) Having reviewed the Settlement Agreement (the "Agreement"), (ECF No. 80-1), and for the reasons stated in the parties' submissions, the Court approves the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute over the Fair Housing Act, Virginia Fair Housing Law, and related negligence claims that is in the best interest of the minor plaintiff, K.M.

"Where a proposed settlement involves a minor, the district court has a 'duty to protect the minor's interests,' because minors may be 'especially vulnerable to manipulation' and 'unable to protect themselves.'" *Jackson v. United States*, No. 3:14-15086, 2016 WL 3826379, at *5 (S.D.W. Va. July 13, 2016) (quoting *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 243 (4th Cir. 2010)).

Under Virginia law,

> [i]n any action or suit wherein a person under a disability[1] is a party, the court in which the matter is pending shall have the power to approve and confirm a compromise of the matters in controversy on behalf of such party, . . . *if such compromise is deemed to be in the interest of the party.*

Va. Code § 8.01-424(A) (emphasis added). In assessing such petitions or motions, courts evaluate whether the settlement is "fair and reasonable under all of the circumstances" and ultimately whether the settlement is in the best interest of the minor. *See, e.g., In re Peanut Corp. of Am.*, No. 6:10-cv-027, 2010 WL 3463212, at *8 (W.D. Va. Aug. 25, 2010); *see also Jackson*, 2016 WL 3826379, at *3–4.

"'[I]nvestigation and examination of a proposed minor settlement includes a review not only of the total settlement amount, but also of the disposition of the settlement proceeds, including requested payments to others, such as attorneys or medical providers.'" *Jackson*, 2016 WL 3826379, at *5 (quoting *Gorham v. Amusements of Rochester, Inc.*, No. 14-286, 2015 WL 2454261, at *3 (M.D.N.C. May 22, 2015)). "[D]istrict courts do not have carte blanche to approve or deny" requested attorneys' fees on a minor's claim, "and instead, must scrutinize the fee for reasonableness by applying [the] twelve factors from *Johnson v. Georgie Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), to evidence before the Court." *Id.* (citing *Abrams*, 605 F.3d at 243–44). The Fourth Circuit stated the *Johnson* factors as follows:

---

[1] "Person under a disability" by statute includes persons under the age of 18. *See* Va. Code § 1-232.

2

> (1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the undesirability of the case, (11) the nature and length of the professional relationship between the lawyer and the client, and (12) the fee awards made in similar cases.

*Abrams*, 605 F.3d at 244.

Regarding the first and fourth factors, the time and labor required in the case involved "more than 250 hours of attorney time", which necessarily precluded the attorneys from accepting other work for those hours. (ECF No. 80, at 4.)

Regarding the second, third, and ninth factors, "Plaintiffs' attorneys in this matter are subject matter experts in the area of fair housing law." (ECF No. 80, at 4.)

Regarding the fifth and twelfth factors, the Court has calculated that the $6,750.00 in attorneys' fees for over 250 hours of attorney time amounts to an hourly rate of approximately $27.00, which is imminently reasonable and unlikely to exceed fee awards made in similar cases. (*See* ECF No. 80, at 2.)

Regarding the sixth factor, Plaintiffs' attorneys "have agreed to be paid pursuant to a fee agreement contingent upon the outcome of the proceeding." (ECF No. 80, at 4.)

Regarding the seventh, tenth, and eleventh factors, the time pressures imposed in the case, the undesirability of the case, and the nature and length of the professional relationship between the lawyer and the client do not render the fee award unreasonable.

Regarding the eighth factor, "the amount of $15,750.00 as [K.M.'s] net settlement award, to be placed in" "a client trust account", represents a benefit to K.M. that avoids "the uncertainty of the outcome and the costs of litigation" were the case to continue to trial. (ECF No. 80, at 2.)

Moreover, all claims asserted in this action were resolved with assistance and oversight of United States Magistrate Judge Mark R. Colombell. The Court concludes that the Agreement is in the best interest of K.M. pursuant to Virginia Code § 8.01-424.

Accordingly, the Court GRANTS the Motion, (ECF No. 79), and ORDERS that the Agreement reached by the parties is approved and shall take effect. The Court further ORDERS that this action is DISMISSED WITH PREJUDICE except that this Court retains jurisdiction to enforce the terms of the settlement pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).

It is SO ORDERED.

Date: 11/16/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge